IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.  ) | Case No. 20-30055 |
| ) | |
| MATTHEW WETZEL, ) | |
| ) | |
| Defendant. ) | |

## ORDER

**SUE E. MYERSCOUGH, U.S. DISTRICT JUDGE:**

Before the Court is Defendant Matthew Wetzel's Motion for Judicial Recommendation for Maximum Community Confinement Time (d/e 58) and the Government's Response (d/e 59). Pursuant to 18 U.S.C. §§ 3621 and 3624(c)(1), this Court finds that Defendant's conduct and characteristics make him a good candidate for community confinement and GRANTS Defendant's Motion for Judicial Recommendation for Maximum Community Confinement Time (d/e 58).

### I.   BACKGROUND

On May 5, 2022, this Court sentenced Defendant to 96 months imprisonment on Count 1, attempted enticement of a

minor, and 60 months imprisonment on Count 2, use of interstate facilities to attempt to transmit information about a minor, to run concurrently; a 10-year term of supervised release on Count 1 and a 2-year term of supervised release on Count 2, to run concurrently; and a $200 special assessment. See d/e 54.

On June 27, 2025, Defendant filed a Motion For Judicial Recommendation For Maximum Community Confinement Time. See d/e 58. Defendant "does not appeal his conviction" or "seek postconviction release" or "modification of his sentence." Id. at pp. 4-5. Instead, Defendant "requests this Court issue [a] Judicial Recommendation, in an advisory capacity only, to the Bureau of Prisons [("BOP")] for maximum halfway house placement of twelve months, under the Second Chance Act." Id. at p. 5.

On July 15, 2025, the Government filed a Response. See d/e 59. The Government argues that sentencing courts lack "the authority to issue non-binding recommendations post-sentencing," and, should this Court disagree, that it should "decline to issue such a recommendation." Id. at pp. 3-4.

## II.  LEGAL STANDARD

Pursuant to 18 U.S.C. § 3582(c), "[t]he court may not modify a term of imprisonment once it has been imposed" absent exceptions that do not apply in this case, such as the Defendant's age, changes to the Sentencing Guidelines, and corrections of clear error or reductions for substantial assistance under Federal Rule of Criminal Procedure 35. Id., see also Fed. R. Crim. P. 35.

"The Bureau of Prisons shall designate the place of the prisoner's imprisonment[.]" 18 U.S.C. § 3621(b). BOP "may designate any available penal or correctional facility…that the Bureau determines to be appropriate and suitable, considering…any statement by the court that imposed the sentence…recommending a type of penal or correctional facility as appropriate[.]" 18 U.S.C. § 3621(b)(4)(B). "Any order, recommendation, or request by a sentencing court that a convicted person serve a term of imprisonment in a community corrections facility shall have no binding effect on the authority of the Bureau under this section to determine or change the place of imprisonment of that person." 18 U.S.C. § 3621(b).

Further, the Second Chance Act mandates that the BOP Director "shall, to the extent practicable, ensure" that a prisoner spend a portion of the final months of his imprisonment term, "(not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community" and which "may include a community correctional facility." 18 U.S.C. § 3624(c)(1).

### III.  ANALYSIS

Defendant cites two cases in support of his motion arguing that federal law authorizes this Court to make a judicial recommendation for community confinement. See d/e 58, pp. 1-3.

Defendant first cites United States v. Rehwinkel, No. 12-CR-217, 2018 WL 2389711 (E.D. Wis. May 24, 2018), in which Eastern District of Wisconsin District Judge Lynn Adelman considered such a motion pursuant to 18 U.S.C. § 3624(c)(1). Siding "with what appears to be the majority position," Judge Adelman found that "while the court may not modify the original judgment or otherwise order the BOP to grant pre-release time in response to a defendant's post-sentencing motion, it may issue a nonbinding recommendation." Id. at *3. "Because such a recommendation is

advisory only, it does not run afoul of the limitations on modifying sentences contained in 18 U.S.C. § 3582 and Fed. R. Crim. P. 35," Judge Adelman reasoned, "and because 18 U.S.C. § 3621(b) directs the BOP to consider <u>any</u> statement by the court that imposed the sentence—not just statements made at the time of sentencing—the court may issue such a recommendation later." <u>Id.</u> (emphasis in original) (internal citations omitted).

Judge Adelman opted not to issue a judicial recommendation in <u>Rehwinkel</u>. <u>Id.</u> He noted that BOP had already granted the defendant's request for community confinement and that he had "no particular insight to offer here; defendant was sentenced years ago, by a judge now retired," while "BOP is better positioned to determine the particulars of such placement." <u>Id.</u>

Defendant then cites <u>United States v. Thomas</u>, No. 15-CR-108-PP, 2020 WL 2848182 (E.D. Wis. June 2, 2020), in which Eastern District of Wisconsin District Judge Pamela Pepper also considered a motion for a judicial recommendation pursuant to 18 U.S.C. § 3624(c)(1). Judge Pepper recounted the facts and findings of <u>Rehwinkel</u>, noting that she believed "(as did Judge Adelman) that the BOP is in the best position to decide when to transition

someone to pre-release community confinement. It appears to the court that the defendant has made good use of his time in custody. And the court understands the defendant's concerns for his daughter." Id. at *2. Judge Pepper then granted the motion and "recommend[ed], in an advisory capacity only, that [BOP] consider transferring the defendant to pre-release community confinement twelve months prior to his release date." Id.

The Government argues, on the other hand, that, among courts asked for judicial recommendations for community confinement, the courts that "determined that they lacked the authority to issue non-binding recommendations post-sentencing" demonstrated the "reasoning [that] is soundest." d/e 59, p. 3 (citing United States v. Reavis, No. 15-CR-3, 2018 WL 2376511 at *2 (E.D. Wis. May 23, 2018) (collecting cases)).

The Government argues that, "[a]lthough a court typically includes non-binding recommendation about the defendant's custodial placement in a judgment," a recommendation as to "the length of a defendant's postcustodial community confinement – especially years after entering the judgment – would constitute an advisory opinion in violation of Article III of the Constitution." Id.

The Government cites United States v. McHugh, 528 F.3d 538, 541 (7th Cir. 2008), though "not directly on point," in support. Id.

In McHugh, the Seventh Circuit Court of Appeals considered whether another district court judge could grant a defendant's motion—to delete the phrase "which do not include an early release" from the judgment—while the sentencing judge was on medical leave. McHugh, 528 F.3d at 539-40. The judges found that "[t]he district court lacked authority to make this change," as "neither [the other district court judge] nor this court is entitled to change [the sentencing judge]'s recommendation to the Bureau of Prisons." Id. at 540.

"A recommendation differs from a judgment, and under Article III that difference is fundamental," the Seventh Circuit noted, adding that "although a judge may tender a recommendation to the Executive Branch, the recommendation cannot be treated as if it were a judgment and reviewed or revised by some other judge." Id. at 540-41.

Here, however, Defendant's motion for a judicial recommendation does not seek to have this Court's sentencing recommendation "reviewed or revised by some other judge." Id. The

motion requests a recommendation as to community confinement and does not otherwise contravene that this Court "may tender a recommendation to the Executive Branch." Id.

This Court has also reviewed how other district courts have faced similar motions. See United States v. Anderson, No. 19-20081-01-DDC, 2024 WL 4930538, at *1 (D. Kan. Dec. 2, 2024) (citing United States v. Reavis, No. 15-CR-3, 2018 WL 2376511 at *1-2 (E.D. Wis. May 23, 2018) (collecting cases)); see also United States v. Rehwinkel, No. 12-CR-217, 2018 WL 2389711 (E.D. Wis. May 24, 2018) (collecting cases). Like Judge Adelman and the seeming majority of district judges who have considered the issue, this Court finds that, while it may not modify the original judgment in Defendant's case or otherwise order BOP to grant Defendant pre-release time, it may still issue a nonbinding recommendation.

The plain text of 18 U.S.C. § 3621 supports this finding. While "[a]ny order, recommendation, or request by a sentencing court that a convicted person serve a term of imprisonment in a community corrections facility shall have no binding effect on" BOP's placement authority, BOP "may designate any available penal or correctional facility" "considering" "any statement by the court that imposed the

sentence" "recommending a type of penal or correctional facility as appropriate[.]" 18 U.S.C. § 3621(b) (emphasis added). As such, the statute does not limit the sentencing court's recommendations to those made at sentencing but instead empowers BOP to consider such recommendations at large.

    This Court also has particular insight here, having personally sentenced the Defendant. See d/e 54. The Court notes that Defendant appears to have spent his time in custody well: he reports that he has garnered no incident reports or disciplinary actions during his four years in custody, he has participated in and taught an array of educational programming, and he has partaken in psychological and psychiatric treatment. See d/e 58, p. 3. Looking ahead, Defendant reports that he scored a low recidivism risk to reoffend and that he will be released homeless, lacking financial assets and without anticipated familial support. Id.

    Therefore, this Court believes that, were BOP to send Defendant to a community correctional facility, those conditions would "afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community." 18 U.S.C. § 3624(c)(1).

## IV. CONCLUSION

This Court finds that Defendant's conduct and characteristics make him a good candidate for community confinement. Pursuant to 18 U.S.C. §§ 3621 and 3624(c)(1), as the sentencing court authorized to issue judicial recommendations with no binding effect on BOP's placement authority, this Court GRANTS Defendant's Motion for Judicial Recommendation for Maximum Community Confinement Time (d/e 58). This Court recommends that BOP shall, to the extent practicable, ensure that Defendant spend the final 12 months of his imprisonment term in community confinement.

**ENTERED:  August 28, 2025.**

**FOR THE COURT:**

*/s/ Sue E. Myerscough*
**SUE E. MYERSCOUGH**
**UNITED STATES DISTRICT JUDGE**